IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORNELIUS EDWARDS,

    Petitioner,

  v.

RANDY GROUNDS,

    Respondent.

No. C 10-4881 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at Soledad State Prison in Soledad, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the Governor of California. Petitioner has paid the filing fee.

## STATEMENT

In 1987, petitioner pled guilty to one count of second-degree murder, and he was sentenced to a term of fifteen years to life in state prison. In 2009, the California Board of Parole Hearings found petitioner suitable for parole. The Governor reversed the Board's decision and denied parole. In 2010, petitioner successfully challenged the Governor's decision in a habeas petition filed in the state superior court. However, the California Court of Appeal reversed the superior court's decision on appeal. Petitioner filed a petition for review in the California Supreme Court, which was denied.

**ANALYSIS**

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B. LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the denial of parole violated his right to due process because it was not supported by sufficient evidence; (2) the Governor "acted in excess of his jurisdiction" under the California Constitution in denying parole; and (3) the Governor violated his right to due process by failing to provide individualized consideration to petitioner's case on the factors set forth in the applicable regulations.

The second claim, based upon state law, is not cognizable, as federal habeas relief is only available based upon the violation of federal law, and is dismissed. *See* 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Petitioner's other two claims, when liberally construed, are cognizable.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The

1    clerk shall also serve a copy of this order on the petitioner.

2        2. Respondent shall file with the court and serve on petitioner, within ninety days of the
3    issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
4    Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on
5    the two claims found cognizable herein.  Respondent shall file with the answer and serve on
6    petitioner a copy of all portions of the state trial record that have been transcribed previously
7    and that are relevant to a determination of the issues presented by the petition.

8        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
9    court and serving it on respondent within thirty days of the date the answer is filed.

10       3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
11   in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
12   Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
13   court and serve on respondent an opposition or statement of non-opposition within thirty days
14   of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
15   reply within fifteen days of the date any opposition is filed.

16       4. Petitioner is reminded that all communications with the court must be served on
17   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
18   keep the court informed of any change of address and must comply with the court's orders in a
19   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
20   pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
21   (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December   21  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\EDWARDS4881.OSC.wpd