IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS EDWARDS, | No. C 10-4881 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RANDY GROUNDS, | |
| Respondent. | (Docket No. 4) |

**INTRODUCTION**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition for failing to state a valid claim for federal habeas relief. Petitioner has not filed an opposition. For the reasons discussed below, the motion is **GRANTED**.

**STATEMENT**

In 1987, petitioner pled guilty to one count of second-degree murder, and he was sentenced to a term of fifteen years to life in state prison. In 2009, the Board found petitioner suitable for parole. The Governor if California reversed the Board's decision and denied parole. In 2010, petitioner successfully challenged the Governor's decision in a habeas petition filed in the state superior court. However, the California Court of Appeal reversed the superior court's

decision on appeal. Petitioner filed a petition for review in the California Supreme Court, which was denied.

## ANALYSIS

Petitioner's two remaining claims are that the denial of parole violated his right to due process because it was not supported by sufficient evidence and because he did not receive individualized consideration of whether he would be a danger to society if released. The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The record is clear that petitioner had an opportunity to be heard and the parole hearing, and that the Governor gave him a detailed statement of the reasons parole was denied (*see* Pet. Exs. A-C). The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* As it is clear from the record that petitioner received all of the procedural protections deemed necessary by the Supreme Court to satisfy the federal constitutional requirement of due process, petitioner's claims challenging on due process grounds the sufficiency of the evidence and the Governor's consideration of petitioner's individual factors are without merit.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (docket number 4) is **GRANTED** and the case is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v.*

2

1  *McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted
2  in this case.
3     The clerk shall enter judgment and close the file.
4     **IT IS SO ORDERED.**

6  Dated: November   14   , 2011.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\EDWARDS4881.MTD.wpd